NATHAN NEUFELD, IMPLEADED, ETC.,

v.

EDWARD MOLL ET AL.

*Creditors' Bills—Trust Fund.*

Upon a creditor's bill, based upon several judgments against a corporation named, this court declines to interfere with a decree charging defendant with the value of certain assets, and requiring him to prorate with the complainants herein.

[Opinion filed January 16, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. M. F. TULEY, Judge, presiding.

Messrs. BLUM & BLUM, for appellants.

Messrs. HOFHEIMER & ZEISLER, for appellees.

GARY, J. The appellees are all the creditors, except the real owner of the judgment hereinafter mentioned, of the Rochester Boot and Shoe Manufacturing Company, a defunct corporation, of which the appellant was president.

On the 13th day of October, 1888, the property of the company, which the decree finds then to have been of the value of $1,050, the truth of which finding is not questioned, was sold for $350 to one Wolf, nominally, under an execution in his favor. The only real question in the case, is, whether the money which was loaned to the company, for which the judgment on which the execution issued was entered, was the money of the appellant, or of Wolf, his father-in-law, and which of them was the real purchaser under the execution.

Upon that question the evidence justifies the finding that it was the money of the appellant, and that he was the real purchaser.

Under the doctrine of Beach v. Miller, 130 Ill. 162, the Circuit Court rightly charged the appellant with the value of the

assets, and required him to prorate with the appellees, so that all creditors, the appellant and the appellees, get equally eighty-one per cent of their dues.

The fact that some of the money for which that judgment was entered was paid to the appellees in reduction of their demands, did not take the case, when the wreck came, out of the doctrine of the case cited. The decree is affirmed.

*Decree affirmed.*